KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Ted Bishop

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ted Bishop,<br><br>       Plaintiff,<br><br>   vs.<br><br>Law Office of James R. Vaughan, PC; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Ted Bishop, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Ted Bishop (hereafter "Plaintiff"), is an adult individual residing in Prescott Valley, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Law Office of James R. Vaughan, PC (hereafter "Vaughan"), is an Arizona business entity with an address of 11445 E. Via Linda #2-610, Scottsdale, Arizona 85239, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Vaughan and whose identities are currently unknown to the Plaintiff. One or more of the

2

Collectors may be joined as parties once their identities are disclosed through discovery.

7. Vaughan at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Vaughan for collection, or Vaughan was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Vaughan Engages in Harassment and Abusive Tactics**

12. Vaughan sent its first piece of written correspondence to Plaintiff on May 20, 2011 in an attempt to collect the Debt.

3

13. Vaughan's letter to Plaintiff stated in part, "Unless, within thirty (30) days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this firm."

14. Plaintiff responded to Vaughan by sending a letter on June 7, 2011 stating that Vaughan's "claim is disputed and validation [of the Debt] is requested."

15. Vaughan did not respond to Plaintiff's letter disputing the Debt and requesting verification of the Debt.

16. Rather, Vaughan served legal action against Plaintiff in the Superior Court of Yavapai County in Arizona State Court, in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

4

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

22. The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 16, 2011                LEMBERG & ASSOCIATES, LLC


By: __/s/   Kindra Deneau__
Kindra Deneau

Attorney for Plaintiff
Ted Bishop